40 N.J. Super. 350 (1956)
123 A.2d 65
JEAN ADAMS GATES, PLAINTIFF,
v.
WILLIAM CLARENCE GATES, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 21, 1956.
*352 Messrs. Cole, Morrill & Berman (Mr. Mendon Morrill, appearing), attorneys for plaintiff.
Messrs Duffy & Ruggiero (Mr. Vincent C. Duffy, appearing), attorneys for defendant.
HEGARTY, J.S.C.
Plaintiff's application is for an order of court:
1. Requiring defendant to answer certain questions put to him as set forth in pages 36, 37, 38 and 39 in his deposition taken on March 14, 1956, which questions he refused to answer upon the ground they would tend to incriminate him. Plaintiff's application asserts that defendant has no privilege to refuse to answer questions which may incriminate him, in that the answers which she seeks cannot involve him in a crime under the laws of the State of New Jersey.
2. Requiring the witness, Margaret B. Gates, to answer certain questions put to her as set forth on pages 83, 84 and 85 in her deposition taken on March 14, 1956, which questions she refused to answer on the ground that her answers might furnish evidence, in an indirect way, concerning the pending divorce proceeding.
The action of the plaintiff is for absolute divorce and charges defendant with having committed adultery with Viola Sorjonen, at her apartment located at 1455 Sheridan Avenue, Bronx, New York, on or about February 10, 17 and 25, 1956, and at other times presently unknown to her. *353 Defendant's answer is in denial of the adultery charged against him. Due notice has been given to the named co-respondent, Viola Sorjonen, of the pendency of the suit so that she might intervene. So far as the record indicates no answer has been filed on behalf of the said Viola Sorjonen.
When the challenged questions were propounded to defendant his refusal to answer them was grounded in his claim that to be compelled to answer the said questions would do violence to his right of privilege against self-incrimination. New Jersey has no constitutional privilege against self-incrimination, but in N.J.S. 2A:81-5 it is provided that no witness shall be compelled to answer any question exposing him to a criminal prosecution. As already noted, the place where the alleged acts of adultery occurred, as charged, is in New York City. The statutory privilege in N.J.S. 2A:81-5 only extends to acts for which he might be prosecuted for a violation of the criminal laws of this State. In his brief filed with the court, defendant now invokes the following provisions of N.J.S. 2A:81-7:
"No husband or wife in any action for divorce on account of adultery shall be compelled to give evidence for the other, except to prove the fact of marriage."
His further claim is that N.J.S. 2A:81-7 also endows him with a privilege that is expressly preserved in R.R. 4:16 to 4:23 and related R.R. 4:93-1 and 4:98-5. Defendant points up the fact that R.R. 4:16-2 extends that right of privilege to depositions pending action in the following language:
"Unless otherwise ordered by the court as provided by Rule 4:20-2 or 4:20-4, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, * * *."
After a full consideration of all of the circumstances appearing, the arguments of counsel and the law, *354 I find and conclude that while defendant's refusal to answer certain of plaintiff's questions was based on his claim of privilege of self-incrimination, not available to him because the alleged acts of adultery, as charged, would not expose him to criminal prosecution in this State, he does stand within the provisions of R.R. 4:16-2, 4:93-1 and 4:98-5, and N.J.S. 2A:81-7, and the privilege thus accorded cloaks him with the right to refuse to answer the challenged questions. I further find and conclude that the privilege found in N.J.S. 2A:81-7 is embraced within the terms of R.R. 4:16-2 and related rules. Accordingly, the defendant will not be required to answer the questions which he refused to answer in his deposition taken on March 14, 1956.
Margaret B. Gates is the mother of the defendant William Clarence Gates. She is not a party to this suit and she has not shown that by answering the questions propounded to her by plaintiff, as set forth on pages 83, 84, and 85 of her deposition, she might be prosecuted for a violation of the criminal laws of this State. I find and conclude that the questions she refused to answer will in no way expose or subject her to criminal prosecution, and she will therefore be required to make answer to such questions.
Present order for signing and filing. See R.R. 4:55-1.